J-S19006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSUE PRATT MENDEZ | : | |
| | : | |
| | : | No. 1076 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 25, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002041-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSUE PRATT MENDEZ | : | |
| | : | |
| Appellant | : | No. 1077 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 25, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002102-2019

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  July 2, 2021**

In these consolidated appeals, Appellant, Josue Pratt Mendez, appeals

from the aggregate Judgment of Sentence of seven-and-a-half to fifteen years

of incarceration imposed after the court accepted his open guilty plea to one

---

[*] Retired Senior Judge assigned to the Superior Court.

count each of Aggravated Assault, Attempted Aggravated Indecent Assault, Indecent Exposure, and Attempted Indecent Assault by Forcible Compulsion.[1] With these appeals, Appellant's counsel has filed a Petition for Leave to Withdraw as Counsel and an **Anders**[2] Brief. After careful review, we affirm Appellant's Judgment of Sentence and grant counsel's Petition for Leave to Withdraw.

On August 18, 2020, Appellant pleaded guilty to the above charges, which arose from Appellant's assault of two female victims.[3] The trial court deferred sentencing pending preparation of a Pre-Sentence Investigation ("PSI") Report.

On September 25, 2020, the trial court held a sentencing hearing at which Appellant made a statement and one of his victims testified. Following its consideration of, *inter alia*, counsels' arguments, the PSI report, and one victim's in-court statement, the court sentenced Appellant at Docket No. 2041-2019 to a term of four to eight years' incarceration for his Attempted Aggravated Indecent Assault conviction and a consecutive term of two to four

---

[1] 18 Pa.C.S. §§ 2702(a)(4), 901(a), 3127(a), 901(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] In exchange for Appellant's guilty pleas, the Commonwealth *nolle prossed* an additional count of Indecent Assault with Forcible Compulsion, two counts of Simple Assault, and one count of Unlawful Restraint.

years' incarceration for his Aggravated Assault conviction.[4]  These sentences were in the aggravated range of the Sentencing Guidelines.

At Docket No. 2102-2019, the court imposed a term of one to two years' incarceration for Appellant's Attempted Indecent Assault by Forcible Compulsion conviction[5] and a consecutive six month to one year term of incarceration for his Indecent Exposure conviction.  These sentences were in the standard range of the Sentencing Guidelines, and the court ordered them to run consecutively to the sentences imposed at Docket No. 2041-2019.

Appellant filed a Post-Sentence Motion challenging the discretionary aspects of his sentence, which the trial court denied on October 5, 2020.

This timely appeal followed.  Counsel filed a Statement of Intent to File an **Anders**/**McClendon** Brief pursuant to Pa.R.A.P. 1925(c)(4) in lieu of a Rule 1925(b) Statement.  The trial court did not file a responsive Opinion.

### *Anders* **Brief**

In this Court, counsel has filed an **Anders** Brief challenging the discretionary aspects of Appellant's sentences.  **Anders** Brief at 3 (unpaginated).[6]  In addition, counsel has filed a Petition for Leave to Withdraw as Counsel.

---

[4] The court also imposed an aggregate seven-year term of probation for these convictions.

[5] The court also imposed a three-year term of probation for this conviction.

[6] "Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing."  **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted).

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In addition, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has complied with the requirements of **Anders** as articulated in **Santiago** and supplied Appellant with a copy of the **Anders** Brief and a letter explaining the rights enumerated in **Nischan**. **See** Petition for Leave to Withdraw, 4/5/21, at ¶ 3-4, Exh. I (Letter). Accordingly, counsel has satisfied the technical requirements for withdrawal.

Having addressed counsel's technical compliance with **Anders**, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

**Discretionary Aspects of Appellant's Sentence**

Appellant challenges the discretionary aspects of his sentence. **See Anders** Brief at 3 (unpaginated), 7-8. A challenge to the discretionary aspects of a sentence is not reviewable as a matter of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the

Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*; *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. Further, Appellant sufficiently preserved his claim in a Post-Sentence Motion, which requested a more lenient sentence based on mitigating evidence presented at his sentencing hearing. *See* Post-Sentence Motion, 10/1/20, at Exh. A. Counsel included a Rule 2119(f) Statement in the *Anders* Brief. We will proceed, therefore, to consider whether Appellant's claim presents a substantial question or is frivolous.

Whether a substantial question has been raised is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." *Id.* (citation and quotation marks omitted).

Appellant here asserts that the trial court imposed an excessive sentence because it ordered Appellant's sentences to run consecutively and it did not properly consider mitigating evidence, including Appellant's age, that he took responsibility for his actions by accepting a plea and apologizing to the victims, that he spared the victims the trauma of testifying, and that he has a lengthy history of mental health disorders. Appellant's Brief at 8.

With regard to the imposition of consecutive sentences, this Court has held:

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa. Super. 2012)[(en banc)].

[An appellant] **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

**Commonwealth v. Swope**, 123 A.3d 333, 338-39 (Pa. Super. 2015) (some citation and quotation omitted, emphasis in original).

In the instant case, Appellant's bald challenge to the imposition of a consecutive sentence does not raise a substantial question permitting our review.

With respect to Appellant's assertion that the court failed to consider mitigating factors, it is well-settled that "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." **Moury**, 992 A.2d at 171 (citation omitted). In addition, where the court had the benefit of a pre-sentence investigation report, we may presume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

Here, the trial court had the benefit of a PSI Report. **_See_** N.T. Sentencing, 9/25/20, at 14. Thus, we may presume it was aware of Appellant's particular circumstances. Moreover, the record confirms that the trial court had appropriate information for its consideration. **_See id._** at 13-15 (court discussing its consideration of the PSI Report, the Commonwealth's sentencing memorandum, the sentencing guidelines, letters submitted to the court by the victims' family and friends, Appellant's mental health diagnoses and treatment, Appellant's expressed remorse, the harm to the victims, and the nature of the crimes). Thus, we conclude that Appellant has not raised a substantial question.

Following our review of the issue raised by Appellant in counsel's **_Anders_** Brief, we agree with counsel and conclude that this Appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. Accordingly, we grant counsel's Petition for Leave to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Petition for Leave to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/2021